UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENUS E.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-5709-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1965.[1] He has a high school education. (AR 37.) He previously worked as a newspaper carrier. (AR 45.)

Plaintiff protectively filed for SSI on May 20, 2016, alleging disability beginning February 2, 2016. The application was denied initially and on reconsideration. ALJ Allen G. Erickson held

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

a hearing on February 27, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 29-89.) On June 22, 2018, the ALJ found plaintiff not disabled. (AR 16-23.)

Plaintiff timely appealed. The Appeals Council denied the request for review on June 15, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not worked since the application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's chronic obstructive pulmonary disease (COPD), sarcoidosis of the larynx and upper airway, asthma, and obesity severe. Plaintiff's chronic heart failure, conjunctivitis, allergic rhinitis, hypertension, degenerative disc disease of the lumbar spine, and dermatitis were found not severe and his post-traumatic stress disorder was found not medically determinable. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with the ability to occasionally climb ladders, ropes, scaffolds, ramps, and stairs. Plaintiff can have only occasional exposure to concentrated levels of dusts, fumes, gases, poor ventilation, and

the like. Plaintiff is further limited to occasional exposure to temperature and humidity extremes. With that RFC, plaintiff could perform his past relevant work as a newspaper carrier as actually and generally performed. (AR 22.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in the evaluation of medical opinions and at step four. He requests remand for an award of benefits or, in the alternative, further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Medical Opinions

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th

Cir. 2014); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoted source omitted). Where contradicted, the opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

A.  Douglas Sorenson, MD.

Dr. Sorenson, an otolaryngologist, treated plaintiff for surgical removal of vocal cord polyps on several occasions in 2016 and 2017. (AR 975-92.) Dr. Sorenson completed a functional capacity evaluation on February 26, 2018, opining that, due to this recurrent condition, plaintiff was severely limited in his ability to perform all basic work activities, including sedentary work. (AR 976-77.) The ALJ gave "little weight" to this opinion, finding it not consistent with the record.

The doctor's notes indicate that, following surgical removal of the polyps, plaintiff was able to breathe without stridor, and the sardoidosis of the larynx and upper airway were stable. The ALJ noted plaintiff's pulmonary function testing remained normal, with minimal exacerbations of his COPD. (AR 21.)

Plaintiff argues greater weight should have been afforded Dr. Sorenson's opinion regarding functional impairment. However, in support of this contention, plaintiff relies almost exclusively on his testimony about his symptomatic limitations, which the ALJ did not fully credit and which

ORDER
PAGE - 4

finding plaintiff did not challenge. The ALJ did find plaintiff's respiratory impairments cause limitations, but also found the limitations improved with treatment, such as the use of inhalers and the removal of vocal polyps. (AR 20.) At the most, plaintiff urges an alternative interpretation of the evidence. Yet, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (cited source omitted).

The ALJ reasonably found a lack of support in the record for Dr. Sorenson's opinion plaintiff was incapable of even sedentary employment due to his sarcoidosis. *See*, *e.g.*, *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's opinions may be discounted when it is "in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [the claimant's condition], and was based on [the claimant's] subjective descriptions of pain[,]" as well as when that opinion is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings[.]") While plaintiff asserts he "suffers from a constellation of impairments that severely limit his ability to breathe" (Dkt. 16 at 5), no medical expert has actually opined as such. Indeed, as the ALJ noted, plaintiff's pulmonologist, Dr. Navdeep Rai, found plaintiff's pulmonary function testing normal and his COPD well-controlled. (AR 21.) The Court finds no error in the consideration of Dr. Sorenson's opinions.

B.  Drew Stevick, MD.

Plaintiff also assigns error to the ALJ's consideration of the opinion of Dr. Drew Stevick, a state agency reviewing medical consultant. The ALJ gave great weight to Dr. Stevick's opinion finding plaintiff able to perform light work with occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, and avoidance of concentrated exposure to extreme cold,

pulmonary irritants, and hazards.[2] (AR 109-11.) The ALJ found this opinion consistent with the objective evidence, including the pulmonary function testing and other respiratory examinations, as well as plaintiff's reported activities of daily living. (AR 22.)

Plaintiff argues Dr. Stevick's opinion should be viewed with skepticism, as the doctor's report states that he found "no evidence of CHF" (presumably "Congestive Heart Failure") on file (AR 111.) Plaintiff's argument is unavailing. Dr. Stevick acknowledged plaintiff's diagnosis of CHF and listed it as a medically determinable impairment, and he specifically took it into account in evaluating plaintiff's exertional impairments. (AR 110.) However, Dr. Stevick found no evidence to show a worsening or change in condition of any of plaintiff's impairments, finding plaintiff's subjective statements of severity not fully consistent with the objective medical evidence. (AR 108-09.) Similarly, at step two, the ALJ found CHF not severe based on x-ray findings consistent with that condition, but "no evidence of continuous issues related to [this] impairment[]", causing no more than minimal effects on plaintiff's functioning. (AR 19.) Plaintiff does not assign error to the ALJ's step two finding that his CHF was not a severe impairment. The Court finds no error in the ALJ's consideration of Dr. Stevick's opinion.

## Residual Functional Capacity

Plaintiff argues there is no evidence showing he is able to actually meet the demands of light work on a sustained basis. It is plaintiff, however, who bears the burden of proving he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). Because Plaintiff has not established error in the ALJ's assessment

---

[2] Plaintiff also argues the ALJ erred in failing to include the restrictions on climbing ladders, ropes or scaffolds and avoiding concentrated exposure to workplace hazards in his RFC. Any error in this regard is harmless, since the job of newspaper carrier did not require such activities. As a general principle, an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

ORDER
PAGE - 6

of the medical opinion evidence, the Court affirms the ALJ's RFC finding at step four.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 26th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judgea